453 F.2d 1305
 79 L.R.R.M. (BNA) 2411, 67 Lab.Cas. P 12,387
 Edward J. BARRETT, Appellant,
v.
MANUFACTURERS RAILWAY COMPANY, a Corporation, and United
Transportation Union, the Successor to Brotherhood
of Locomotive Firemen and Enginemen, Appellees.
 No. 71-1251.
 United States Court of Appeals,
Eighth Circuit.
 Jan. 27, 1972.
Rehearing Denied Feb. 22, 1972.
 
 John P. Montrey, Joseph G. Stewart, St. Louis, Mo., for appellant.
 Albert E. Schoenbeck, St. Louis, Mo., for Manufacturers Railway Co.
 John H. Haley, Jr., St. Louis, Mo., for United Transp. Union.
 Before GIBSON and HEANEY, Circuit Judges, and VAN PELT, Senior District Judge.*
 GIBSON, Circuit Judge.
 
 
 1
 This is an appeal by plaintiff Barrett from a summary judgment entered in favor of the defendants' Manufacturers Railway Company and United Transportation Union, upon plaintiff's complaint seeking review of an award of the National Railroad Adjustment Board. The District Court for the Eastern District of Missouri, the Honorable William H. Webster, found that there was no material issue of fact and entered summary judgment in favor of the defendants, holding that there were no grounds to set aside or remand the award to the NRAB. The facts are fully set out in the trial court's published opinion at 326 F.Supp. 639 (E.D.Mo.1971), and will only be briefly summarized here where pertinent. The sole question raised on appeal by plaintiff is whether the ruling of the National Railroad Adjustment Board that plaintiff's submission to that body was untimely was a ruling wholly baseless and without reason.[1]
 
 
 2
 The plaintiff was discharged from his job as engineer in December 1964. Various internal procedures were followed by the parties in processing this grievance, and on May 12, 1965, the Railway's Vice President notified plaintiff by letter that he would not be reinstated and the matter was closed. The Union recognized this letter as a decision from the highest officer within the company to which an appeal could be had and timely notified the Vice President that his decision was unacceptable. Under the terms of the collective bargaining agreement, this dispute had to be filed before the NRAB within six months from the date of this decision unless this time limit was extended by agreement of the parties. There followed various communications and negotiations between the parties, and on September 8, 1965, the Railway Vice President wrote to the Union that his decision of May 12, 1965, "is reaffirmed and remains unchanged." The Union replied by letter that his decision was unacceptable and the Union would appeal to the NRAB within six months from the date of his letter of September 8, 1965.
 
 
 3
 Except for this last communication from the Union, there was no discussion whatsoever between the parties concerning extension of the six months time limit from the date of May 12, 1965, when the decision against plaintiff was made. The case was submitted to the NRAB on March 4, 1966. On the basis of these facts, the NRAB determined that the submission should have been made within six months from May 12, 1965, and therefore was not timely, and the claim was disallowed.
 
 
 4
 The governing statute is 45 U.S.C. Sec. 153 First, (p) and (q). Under the terms of the statute, a reviewing court may set aside or remand an award of the National Railroad Adjustment Board for only three reasons: (1) failure to comply with the requirements of the statute; (2) failure of the order to conform or confine itself to matters within the scope of the Board's jurisdiction; or (3) fraud or corruption. No contention is made that the award in this case is invalid for any of these three reasons. However, plaintiff contends that under the case of Gunther v. San Diego & A.E. Ry., 382 U.S. 257, 261, 86 S.Ct. 368, 15 L.Ed.2d 308 (1965), an NRAB award may be set aside if it is "wholly baseless and without reason."[2]
 
 
 5
 Mr. Justice Black in speaking for a unanimous court in Gunther, supra, stated:
 
 
 6
 "[T]he District Court and the Court of Appeals as well went beyond their province in rejecting the Adjustment Board's interpretation of this railroad collective bargaining agreement. As hereafter pointed out Congress, in the Railway Labor Act, invested the Adjustment Board with the broad power to arbitrate grievances and plainly intended that interpretation of these controversial provisions should be submitted for the decision of railroad men, both workers and management, serving on the Adjustment Board with their long experience and accepted expertise in this field." 382 U.S. at 261-262, 86 S.Ct. at 371.
 
 
 7
 And the Court specifically noted that under "Section 3 First (m) * * * awards 'shall be final and binding upon both parties to the dispute' * * *." Id. at 263, 86 S.Ct. at 371.
 
 
 8
 However, assuming without deciding that the dicta in Gunther would by reverse reasoning establish plaintiff's interpretation as a proper basis for review of the Board's award, we do not think that it provides any grounds for setting aside the Board award in this case.
 
 
 9
 The NRAB award in the instant case refused to consider the merits of plaintiff's grievance (an alleged wrongful discharge) on the grounds that the dispute had not been timely filed before that body. Gunther clearly established that proceedings before the NRAB are to be considered as compulsory arbitration and that the decision of the Board is as final as that of an arbitrator. In the context of arbitration under Sec. 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185, the Court has held that "'procedural' questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator." John Wiley & Sons v. Livingston, 376 U.S. 543, 557, 84 S.Ct. 909, 918, 11 L.Ed.2d 898 (1964); Local 198, United Rubber Workers v. Interco, Inc., 415 F.2d 1208, 1210 (8th Cir. 1969). The decision of the NRAB in the instant case that the dispute was not timely filed before it should not be disturbed by us on the basis of this record. Arbitration is favored by the law and the decision of the arbitrators is final and not subject to review on either the merits or procedural issues. Saxis Steamship Co. v. Multifacs Int'l Traders, Inc., 375 F.2d 577, 581-582 (2d Cir. 1967); Ludwig Honold Mfg. Co. v. Fletcher, 405 F.2d 1123, 1128 (3d Cir. 1969); Kroger Co. v. Teamster Union Local 661, 380 F.2d 728, 730 (6th Cir. 1967).
 
 
 10
 Nor do we think it can be said that this determination was "wholly baseless and without reason." Thus there is no basis for the federal courts to interfere with the award under 45 U.S.C. Sec. 153 First, (p) and (q).
 
 
 11
 The decision of the District Court is affirmed.
 
 
 
 *
 Senior District Judge of the District of Nebraska sitting by designation
 
 
 [1]
 Plaintiff also perfected an appeal against the defendant United Transportation Union. However, no question has been raised in plaintiff's brief regarding the propriety of the judgment in favor of the Union, and that portion of the judgment is affirmed without further discussion
 
 
 [2]
 Gunther did not in fact set aside a Board award on this ground. In that case, both the District Court and the Court of Appeals had refused to enforce a Board award. In disapproving this action by the lower courts, the Supreme Court said in passing, "Certainly it cannot be said that the Board's interpretation was wholly baseless and completely without reason." 382 U.S. at 261, 86 S.Ct. at 371. The Court went on to hold that the Board's actions were as final as those of an arbitrator and reversed the decision of the lower courts. This would appear to fall somewhat short of a holding that, in addition to the three specified statutory grounds, an NRAB award may be set aside if it is "wholly baseless and without reason."