**BROTHERHOOD OF LOCOMOTIVE
FIREMEN AND ENGINEMEN
et al., Plaintiffs-Appellants,**

v.

**UNITED TRANSPORTATION UNION
et al., Defendants-Appellees.**

No. 72–1440.

United States Court of Appeals,
Sixth Circuit.

Dec. 11, 1972.

Lee Leibik, Chicago, Ill., Ruth Weyand, Leibik & Weyand, Chicago, Ill., Robert Rotatori, Gold, Rotatori, Messerman & Hanna, Cleveland, Ohio, on brief, for plaintiffs-appellants.

Melvin S. Schwarzwald, Cleveland, Ohio, Norton N. Newborn, Cleveland, Ohio, Robert Hart, General Counsel, United Transportation Union, Cleveland, Ohio, on brief, for defendants-appellees.

Before WEICK, EDWARDS and KENT, Circuit Judges.

EDWARDS, Circuit Judge.

This appeal arises out of the merger of four railroad unions into the United Transportation Union. This suit was filed in the names of the Brotherhood of Locomotive Firemen and Enginemen and the Switchmen's Union of North America, and of 22 small local unions formerly affiliated therewith, against United Transportation Union and the Order of Railway Conductors and Brakemen and the Brotherhood of Railroad Trainmen. The merger of the four unions actually occurred January 1, 1969. This suit was filed over two years later, in June of 1971. The actions complained about took place during April and June of 1971.

The dispute concerns the decision of the president of the new UTU to merge some 64 small local unions into larger locals because of the cost of financing one UTU convention delegate for each of the preexisting small locals. The plaintiffs in this action seek injunctive relief from the District Court against the merger of the small locals, claiming

that the merger violated express terms of the Unification Agreement. Plaintiffs assert that the District Court has jurisdiction of the case under § 301 of the Labor-Management Relations Act, 29 U.S.C. § 185(a) (1970).

The District Judge refused temporary relief on condition that the delegates who wanted to attend the convention be allowed to do so. The record shows that these delegates were allowed to attend the convention and vote therein, but that the convention rejected a motion to pay their expenses. Subsequent to the UTU convention the District Judge held a conference in chambers where it was agreed among the parties that various documents would be submitted for receipt into evidence and consideration by the court. There does not appear to have been a request by the plaintiffs for the presentation of oral evidence. Subsequently the District Judge handed down a Memorandum Opinion and Order dismissing the cause of action.

He held that the preexisting international unions had gone out of existence due to the merger, and he thereupon dismissed them as parties. He also held that the court did not have jurisdiction under § 301 of the Labor-Management Relations Act, supra, since the 22 locals only represented railroad employees, and hence were subject to the Railway Labor Act, 45 U.S.C. § 151 et seq. (1970). He also held that the mergers did not constitute trusteeships and that appellants had not exhausted their remedies by appeal to the Board of Directors and that that was the correct method of appeal.

Appellees claim that the District Judge's finding in relation to lack of jurisdiction under § 301 of the Labor-Management Relations Act, supra, is supported by the Supreme Court's opinion in Brotherhood of R.R. Trainmen v. Jacksonville Terminal Co., 394 U.S. 369, 89 S.Ct. 1109, 22 L.Ed.2d 344 (1969).

Appellants claim that the two international unions named as plaintiffs survived the merger for purposes of this suit. They also seem to assert that unions of railroad employees can sue under § 301 of the Labor-Management Relations Act, supra, for violations of a contract between labor unions pertaining to merger, since such an action is not provided for in the Railway Labor Act.

■ Examination of the Unification Agreement and Constitution of the United Transportation Union supports the District Judge's dismissal of the BLFE and the SUNA as plaintiffs in this action. The language of Section 3(a) of the Unification Agreement in assigning "all the rights, privileges, and powers and every other interest" of the constituent unions to UTU on "the effective date of the unification" seems conclusive. Additionally, we find no specific exception in the language or purposes of Section 3(b) to argue the contrary. The word "contracts" therein appears to us, when taken in context, to refer to contracts in existence before the execution of the merger agreement.

■ Appellants contend that § 301 of the Labor-Management Relations Act should be held applicable to this dispute in spite of the express exception of railroad employees from the terms of the statute. We believe the statute must be read as clearly to the contrary (see 29 U.S.C. § 142(3); 29 U.S.C. § 152(3), (5) (1970)) and we find no case law which supports appellants' contention.[1]

Like the District Judge, we believe that dictum in Brotherhood of R.R. Trainmen v. Jacksonville Terminal Co., supra, 394 U.S. at 382, 383, 395, 89 S.Ct. 1109, also argues strongly to the contrary.

1. In this regard we have examined and found inapposite the cases relied upon by appellants. Chicago & North Western Ry. Co. v. United Transportation Union, 402 U.S. 570, 91 S.Ct. 1731, 29 L.Ed.2d 187 (1971); Brotherhood of Ry. Clerks v. Florida E. Coast Ry. Co., 384 U.S. 238, 86 S.Ct. 1420, 16 L.Ed.2d 501 (1966); Florida E. Coast Ry. Co. v. Brotherhood of R. R. Trainmen, 336 F.2d 172 (5th Cir. 1964); Chicago, Rock Island and Pac. R. R. Co. v. Switchmen's Union of N. America, 292 F.2d 61 (2d Cir. 1961).

For these reasons and others set forth in the Memorandum Opinion of the District Court of March 1, 1972, we hold that the District Court was correct in dismissing this complaint for want of jurisdiction. By this holding we imply no decision as to the merits of this dispute or as to the exhaustion of remedy issue which is intertwined therewith.

The judgment of the District Court is affirmed.