**Kermit Kimball SHEEHAN, Plaintiff,**

v.

**UNION PACIFIC RAILROAD COMPANY, a Utah Corporation, and National Railroad Adjustment Board, Fourth Division, an agency of the United States of America, Defendants.**

**No. C 75–241.**

United States District Court,
D. Utah, C. D.

Sept. 7, 1976.

R. Clark Arnold, Salt Lake City, Utah, for plaintiff.

S. M. Matheson and Robert N. Weatherbee, Salt Lake City, Utah, for Union Pac. R. Co.

Ramon M. Child, U. S. Atty., Brent Ward, Asst. U. S. Atty., Salt Lake City, Utah, for Nat. R. R. Adjustment Bd.

## ORDER AFFIRMING THE NRAB AND GRANTING DEFENDANTS' MOTIONS TO DISMISS

ALDON J. ANDERSON, District Judge.

*Background and Arguments*

Both of the defendants in the above-entitled case have filed motions to dismiss and all of the parties have filed extensive materials in support of their respective positions. Oral arguments were heard on March 29, 1976. On May 14, 1976, the plaintiff filed a motion for summary judgment and a stipulation was filed by counsel stating that the court could rule on the summary judgment motion without further briefing or argument. The court has examined the filed materials, including the record of the proceedings before the National Railroad Adjustment Board [NRAB], and is prepared to rule on the motions.

The plaintiff in this case was an employee of the defendant Union Pacific Railroad [Union Pacific]. On October 8, 1969, the plaintiff was charged with violating one of Union Pacific's work rules and a hearing was held on October 10, pursuant to rule 23 of the collective bargaining agreement between the railroad and the plaintiff's union. After the hearing, the plaintiff was dismissed from his employment. The plaintiff unsuccessfully appealed the dismissal within the company and then filed a claim in state district court alleging wrongful discharge and denial of a fair hearing. While that claim was pending, the Supreme Court decided *Andrews v. Louisville & Nashville Railroad Co.*, 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1972), reversing *Moore v. Illinois Central Railroad Co.*, 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089 (1941), in which it was held that a discharged railroad employee's exclusive remedy was an appeal to the NRAB. The parties to the state court proceeding entered into a stipulation and the case was dismissed without prejudice to the interests of any party. The plaintiff then filed an appeal with the Board which was subsequently dismissed on the technical ground that the plaintiff had not filed his appeal within time limits prescribed by the collective bargaining agreement. Following that denial, the plaintiff filed a complaint with this court praying for an order directing the Board to hear the merits of his case or, in the alternative, for a money judgment and reinstatement against Union Pacific.

Union Pacific maintains that the complaint does not allege facts which invoke the court's jurisdiction to review the Board's decision under the Railway Labor Act because the plaintiff has not alleged

that the Board failed to comply with the requirements of the Act, acted outside its jurisdiction, or that the order was affected by fraud or corruption of any Board member. 45 U.S.C.A. § 153 First (q) (1972). The railroad maintains that the plaintiff's claim is a "minor" grievance and that the NRAB determination under compulsory arbitration is intended to be final. Union Pacific also argues that the court must affirm the Board's ruling because it is not wholly baseless or completely without reason. Union Pacific maintains that the plaintiff's contentions relating to denial of a proper hearing are without legal support. Union Pacific also contends that the Labor Management Relations Act does not grant this court jurisdiction over the plaintiff's second cause of action (against Union Pacific for breach of the employment agreement) and that an appeal to the Board is the plaintiff's exclusive remedy. *See* 29 U.S. C.A. §§ 152(2) and (3) (1973), *as amended* to 1976.

■ The NRAB maintains that its status as a quasi-judicial body makes it inappropriate as a defendant in this case. The Board admits that its orders may be subject to judicial review but maintains that filing a case against the Board in federal court is not an appropriate means of obtaining that review. *System Federation No. 30 v. Braidwood,* 284 F.Supp. 607, 610–11 (N.D. Ill.1968). The court agrees with the Board's contention that only the disputing parties, Sheehan and Union Pacific, are proper parties in this case.

The plaintiff maintains that his claim was properly and timely filed with the NRAB pursuant to the Railway Labor Act and the rules and procedures promulgated by the Board. The plaintiff's appeal was dismissed by the Board because it had not been filed within the time allowed by the collective bargaining agreement. The plaintiff points out that the period of limitations provision was added to the collective bargaining agreement after his discharge and after the final action by Union Pacific on the plaintiff's internal appeal. Mr. Sheehan also argues that the time requirements were tolled during the pendency of the plaintiff's state court case and that the NRAB should be required to hear and decide his claim on the merits.

■ The plaintiff does not have a cause of action in his second count under the Labor Management Relations Act, 29 U.S. C.A. § 185 (1965). This case must be treated simply as an appeal from a federal administrative determination. The only real issue relates to the propriety of the NRAB determination that the Board lacked jurisdiction because of a violation of the time limitations in the modified collective bargaining agreement. Judicial review of that decision may be had only within the limits of 45 U.S.C.A. § 153 First (q) (1972).

*Analysis*

■ The plaintiff has persuasively argued for tolling the time limits. The policy expressed by the Court of Appeals of the Tenth Circuit supports this view. *Dartt v. Shell Oil Co.,* 539 F.2d 1256 (10th Cir. 1976). Further,

> Statutes of limitation . . . are designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared. The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them.

*Order of Railroad Telegraphers v. Railway Express Agency, Inc.,* 321 U.S. 342, 348–49, 64 S.Ct. 582, 586, 88 L.Ed. 788 (1944). The policy of protecting defendants is, however, "frequently outweighed . . . where the interests of justice require vindication of the plaintiff's rights." *Burnett v. New York Central Railroad Co.,* 380 U.S. 424, 428, 85 S.Ct. 1050, 1055, 13 L.Ed.2d 941 (1965).

■ Mr. Sheehan argues persuasively that he diligently and in a timely manner pursued one of the two avenues open to him

following his discharge, and that it is not in the interests of justice to deny the plaintiff relief simply because he elected to pursue his state court remedies rather than to file an appeal to the NRAB when both alternatives were open to him. Union Pacific was on notice that the plaintiff intended to seek relief and was actually pursuing his remedies. The purposes of the time limitation were fulfilled. The plaintiff did not sleep on his rights and Union Pacific does not appear to have been injured by the delay. As in *Order of Railroad Telegraphers v. Railway Express Agency, supra,* the long delay was "caused by the exigencies of the contest, not by the neglect to proceed." 321 U.S. at 349, 64 S.Ct. at 586. Plaintiff therefore argues NRAB should have held, as the Supreme Court did in *Burnett v. New York Central Railroad Co., supra,* that the time limitation was tolled during the pendency of the state suit. This position of the plaintiff has one severe limitation in itself. The ability of this court to review the Board's order has been severely restricted by Congress:

> On [judicial] review, the findings and order of the division shall be conclusive on the parties, except that the order of the division may be set aside, in whole or in part, or remanded to the division, for failure of the division to comply with the requirements of this chapter, for failure of the order to conform, or confine itself, to matters within the scope of the division's jurisdiction, or for fraud or corruption by a member of the division making the order.

45 U.S.C.A. § 153 First (q) (1972). The purpose of the Railway Labor Act is to secure the prompt, orderly and final settlement of minor disputes between employees and the carrier. *See, e. g., Union Pacific Railroad Co. v. Price,* 360 U.S. 601, 613–16, 79 S.Ct. 1351, 3 L.Ed.2d 1460 (1959); *Atlantic Coast Line Railroad Co. v. Pope,* 119 F.2d 39, 41 (4th Cir. 1941); *Crusen v. United Air Lines,* 141 F.Supp. 347, 355 (D.Colo. 1956), aff'd, 239 F.2d 863 (10th Cir. 1956). The above provision, added in 1966, helps to meet that goal by severely restricting the scope of judicial administrative review,

thereby increasing the finality of the Board's order. It is subject to the weighty criticisms raised against the scope of it by Justice Douglas in his dissent in the *Andrews* case.

■ Courts have recognized that their right to review orders of the NRAB is very limited, even when the review involves a procedural issue relating to the timeliness of an appeal to the NRAB and the court is convinced that the Board was incorrect. *Devita v. Burlington Northern, Inc.,* 494 F.2d 347 (9th Cir. 1974), *cert. denied,* 419 U.S. 869, 95 S.Ct. 128, 42 L.Ed.2d 108 (1974). To prevail on review, the plaintiff employee usually must show the existence of one of the three statutory grounds for reversal. *E. g., Johnston v. Interstate Railroad,* 345 F.Supp. 1082, 1085 (W.D.Va.1972); *McDonald v. Penn Central Transportation Co.,* 337 F.Supp. 803, 805–06 (D.Mass.1972); *Barrett v. Manufacturers Railway Co.,* 326 F.Supp. 639, 643–45 (E.D.Mo.1971), aff'd, 453 F.2d 1305 (8th Cir. 1972). The plaintiff has failed to meet that burden.

■ A collective bargaining agreement can impose a time limitation on the institution of an appeal to the NRAB by a railroad employee. *Atlantic Coast Line Railroad Co. v. Pope, supra* at 43–44; *Crusen v. United Air Lines, supra* at 349. It is equally clear that the NRAB, not the court, has been given the primary jurisdiction to interpret the collective bargaining agreement. *E. g., Kotakis v. Elgin, Joliet & Eastern Railway Co.,* 520 F.2d 570 (7th Cir. 1975), *cert. denied,* 423 U.S. 1016, 96 S.Ct. 451, 46 L.Ed.2d 388 (1976).

■ As a general guideline in judicial review of administrative action, the court should give deference to the agency's application of legal concepts. The court can, however, in an appropriate case, substitute its judgment concerning the underlying question of law. *E. g., Fishgold v. Sullivan Drydock & Repair Corp.,* 154 F.2d 785 (2d Cir.) aff'd, 328 U.S. 275, 66 S.Ct. 1105, 90 L.Ed. 1230 (1946). Unlike the NRAB time limitation cases previously cited by the court, the parties in this case are in basic

agreement concerning the facts. As such, the dispute appears to be purely a question of law concerning whether the state court proceeding could toll the time period under the facts of this case. A careful analysis of 45 U.S.C.A. § 153 First (q) (1972) indicates that the general rule does not apply in appeals from NRAB orders. The statute states that "the *findings* and *order* of the division" may be set aside only if one of the three statutory bases for reversal is found to exist (emphasis added). It appears that the statute is designed to cover not only findings of fact but also the complete order, including legal conclusions. As such, this court is precluded from applying its interpretation of the proper legal standard rather than that of the NRAB.

Several courts have intimated or directly held that:

> [T]he Board's order can be reversed by the courts if it is found to be "actually and indisputedly without foundation in reason or fact" [citations omitted] or "wholly baseless and without reason" [citations omitted]. If a Board decision can be so characterized, it is viewed as outside the "matters within the scope of the division's jurisdiction" under 45 U.S.C. § 153 First (q).

*Kotakis v. Elgin, Joliet & Eastern Railway Co., supra* at 574–75; *see Gunther v. San Diego & Arizona Eastern Railway Co.,* 382 U.S. 257, 261, 86 S.Ct. 368, 15 L.Ed.2d 308 (1965); *Laday v. Chicago, Milwaukee, St. Paul & Pacific Railroad Co.,* 422 F.2d 1168, 1171 (7th Cir. 1970); *Brotherhood of Railroad Trainmen v. Central of Georgia Railway Co.,* 415 F.2d 403, 414 (5th Cir. 1969), *cert. denied,* 396 U.S. 1008, 90 S.Ct. 564, 24 L.Ed.2d 500 (1970). In applying the above standard to this case, it cannot be said that the NRAB's determination was without foundation in reason or fact and therefore beyond the Board's jurisdiction.

The plaintiff has failed to demonstrate the existence of any of the grounds for reversal under 45 U.S.C.A. § 153 First (q) (1972) and the court has been unable to find any legal principle under which it can grant the plaintiff relief without violating the provisions of the Railway Labor Act. Consequently,

IT IS HEREBY ORDERED that the order entered by the NRAB is affirmed and the defendants' motions to dismiss, treated as motions for summary judgment, are granted.