Kermit Kimball SHEEHAN, Appellant,

v.

UNION PACIFIC RAILROAD COMPANY, a Utah Corporation, and National Railroad Adjustment Board, Fourth Division, an agency of the United States of America, Appellees.

No. 76–2001.

United States Court of Appeals, Tenth Circuit.

Argued March 17, 1978.

Decided May 31, 1978.

R. Clark Arnold, Reynolds & Arnold, Salt Lake City, Utah, for appellant.

Robert N. Weatherbee, Omaha, Neb. (Steven A. Goodsell, Salt Lake City, Utah, with him on brief), for appellee, Union Pac. R. Co.

Ramon M. Child, U. S. Atty. and Brent Ward, Asst. U. S. Atty., Salt Lake City, Utah, on brief, for appellee, Nat. R. Adjustment Bd., Fourth Division.

Before SETH, Chief Judge, and DOYLE and McKAY, Circuit Judges.

PER CURIAM.

The appellant Sheehan, a discharged employee of the Union Pacific Railroad, filed an action in the trial court to set aside or reverse a decision of the National Railroad Adjustment Board which had denied him a hearing on his discharge. The trial court treated defendants' motions as motions for summary judgment and granted them. The court thus did not disturb the Board's decision on the basis that the Board had jurisdiction to enter the order it did.

The facts are set out by the district court in *Sheehan v. Union Pacific R.R.*, 423 F.Supp. 324, and need not be repeated here.

However, two preliminary issues should be considered at the outset. First, plaintiff Sheehan urges that the National Railroad Adjustment Board (NRAB) is a proper party to these proceedings because ". . . it was the Board's action in refusing to adjudicate the issue which effectively bars litigation of his [Sheehan's] claims, . . . ." On this contention, we agree with the district court's reasoning that the Board's status as a quasi-judicial body makes it inappropriate as a defendant in this case. *See System Federation v. Braidwood*, D.C., 284 F.Supp. 607; *Fong v. American Airlines, Inc.*, D.C., 431 F.Supp. 1340, at 1342–43.

Second, plaintiff's cause of action under the Labor Management Relations Act, 29 U.S.C.A. § 185 (1965), was properly dismissed. Employees subject to the Railway Labor Act are specifically excluded from coverage under the Labor Management Relations Act. *See* 29 U.S.C. § 142(3); 29 U.S.C. § 152(3), (5); *Brotherhood of Locomotive Firemen & Enginemen v. United Transportation Union*, 471 F.2d 8 (6th Cir.), headnote No. 2.

The real issue here is whether the Board's determination that it lacked jurisdiction because of non-compliance with the limita-

tions in the modified collective bargaining agreement deprived Sheehan of his due process rights.

We conclude the Board's failure to address the merits of plaintiff Sheehan's claim denied him due process of law.

Union Pacific maintains that the award of the Board complied with the requirements of the Railway Labor Act and the Board acted within its jurisdiction. The Railroad also urges that the NRAB's determination with regard to the time limitations in the collective bargaining agreement is subject to a narrow standard of judicial review under 45 U.S.C.A. § 153 First (p) and (q), and under *Gunther v. San Diego & Arizona Eastern Ry.*, 382 U.S. 257, 86 S.Ct. 368, 15 L.Ed.2d 308. The provisions of the Railway Labor Act dealing with the Adjustment Board are "to be considered as compulsory arbitration in this limited field." *Brotherhood of Railroad Trainmen v. Chicago River & Indiana R.R.*, 353 U.S. 30, 77 S.Ct. 635, 1 L.Ed.2d 622; *see Gunther v. San Diego & Arizona Eastern Ry.*, 382 U.S. 257, 86 S.Ct. 368, 15 L.Ed.2d 308. The Senate report on 1966 amendments to Railway Labor Act stated:

"The National Railroad Adjustment Board was established in 1934 under the Railway Labor Act to provide machinery for resolving so-called minor disputes between individual employees and the carriers. Minor disputes arise out of grievances or *interpretation* or *application* of agreements concerning rates of pay, rules, or working conditions." (Emphasis added). 1966 U.S.Code Cong. & Admin. News, p. 2286.

■ The federal courts do not sit as super arbitration tribunals in suits brought to enforce awards of the Adjustment Board. Prompt execution of Board orders is a necessity. The range of judicial review in enforcement cases is among the narrowest known to the law and the findings and order of the Board are conclusive. *Denver & R.G.W. R.R. v. Blackett*, 538 F.2d 291 (10th Cir.); *Diamond v. Terminal Railway Alabama State Docks*, 421 F.2d 228 (5th Cir.); *Brotherhood of Railroad Trainmen v.*

*Denver & R.G.W. R.R.*, 370 F.2d 833 (10th Cir.).

■ We agree generally with the railroad that the reviewable aspects of an award have been traditionally confined to lack of jurisdiction, the Board's acting outside the law, or the presence of fraud or corruption. This scope was fully treated by this court in *Denver & R.G.W. R.R. v. Blackett*, 538 F.2d 291 (10th Cir.), which concerned a seniority issue and yardmasters' qualifications under the agreement then in force. No jurisdictional question was there present. Lack of due process must always be recognized as a legitimate ground for objection to a decision of the Railroad Adjustment Board. *Kotakis v. Elgin, Joliet & Eastern Ry.*, 520 F.2d 570 (7th Cir.); *Hall v. Eastern Airlines, Inc.*, 511 F.2d 663 (5th Cir.). Considering the implications arising from, and the developments since *Andrews v. Louisville & Nashville R.R.*, 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95, and the elimination of the right to sue on the employment contract in the state courts, it is possible that the extent or scope of judicial review of *purely legal issues* decided by the National Railroad Adjustment Board should be reexamined. The Board members are not chosen for their legal expertise; they are chosen to interpret and apply the collective bargaining agreements. In such *interpretation* and *application* their decisions are reviewable only as to such aspects as relate to lack of jurisdiction, fraud or corruption, acting outside the law, and, of course, lack of due process as above mentioned. The Board's expertise and the legislative intent otherwise dictate that the most narrow scope of review must be applied as to all other matters.

■ Plaintiff Sheehan had two options at the time of his discharge from Union Pacific. He could have treated his grievance as involving a determination of rights as an employee under the bargaining agreement and asserted his rights to be retained as an employee before the Adjustment Board. Or he could have accepted the action of the carrier as a final discharge, and sued in court for a breach of his contract of em-

ployment. *Slocum v. Delaware, Lackawanna & Western R.R.*, 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795; *Moore v. Illinois Central R.R.*, 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089. Mr. Sheehan could only choose one course of action. He opted to treat his discharge as final and sue in the state court for breach of his contract of employment. This was under way at the time of the decision of the Supreme Court in *Andrews v. Louisville & Nashville R.R.*, 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95, which extinguished Sheehan's right to sue in state court. This decision made the Board the only forum in which his rights could be adjudicated, and the parties to the lawsuit in state court stipulated a dismissal. However, the problem before us arose because under the collective bargaining agreement, Sheehan had to file an appeal with the Board before May 1971 to meet the twelve-month time limitation in the agreement. This time had by then long passed. Mr. Sheehan did not submit his notice of intent to file an ex parte submission with the Board until July 25, 1973. The Board's award which dismissed Mr. Sheehan's claim without a hearing on the merits stated:

> "... Nor do we agree ... that the time limits did not commence running until the Utah court dismissed claimant's breach of contract suit in November, 1972. Filing of the civil suit did not have the effect of obviating the time limits in the Agreement."

As the district court noted, a persuasive argument can be made for the tolling of time limits. The court in *Andrews* expressed the view that an agreement under the Railway Labor Act was a federal contract governed and enforceable by federal law in the federal courts. 406 U.S. at 323, 92 S.Ct. 1562. The applicability of equitable tolling to the agreement in question is not in doubt. While we do not pass on the merits of the tolling issue, we hold the failure of the Board to consider tolling under these circumstances deprived Sheehan of an opportunity to be heard in violation of his right of due process.

In *Barrett v. Manufacturers Railway Co.*, 453 F.2d 1305 (8th Cir.), the plaintiff employee was required under the terms of the collective bargaining agreement to file his appeal with the NRAB six months from the date he received the decision of Railway's vice president. He failed to do so and the Board would not hear the merits of his claim. The Eighth Circuit upheld the NRAB's decision, stating that "... the decision of the arbitrators is final and not subject to review on either the merits or procedural issues." Although the employee in *Barrett* was contesting his discharge, he elected to pursue his remedies before the Board. Therefore, understandably, time limitations under the agreement should be strictly applied. Mr. Sheehan, on the other hand, pursued his remedy in state court which was subsequently extinguished in *Andrews*. On returning to the Board, he found there was no forum which would hear his claim. *See Crusen v. United Air Lines, Inc.*, 239 F.2d 863 (10th Cir.), and *Hodges v. Atlantic Coast Line R.R.*, 363 F.2d 534 (5th Cir.), which also dealt with discharges which were pursued before the NRAB.

■ Appellant Sheehan asks the court to award attorneys' fees in the event the district court is reversed. However, it is clear that plaintiff's claim was brought under 45 U.S.C.A. § 153 First (q) which does not provide for an award of attorneys' fees. Section 153 First (p) of the Act deals with suits by employees to enforce awards of the Board. The latter section provides for an award of attorneys' fees to the employee in the event he ultimately proves successful in securing enforcement of a Board award. Sheehan, however, is not seeking to have the Board's award enforced but is seeking to have the award overturned. Thus jurisdiction of the court is premised upon section 153 First (q). In *Burlington Northern, Inc. v. American Railway Supervisors Ass'n*, 527 F.2d 216 (7th Cir.), the Seventh Circuit said:

> "... In 1966, Section 3 First (q) was enacted to permit unsuccessful employees and carriers to file petitions for review of Adjustment Board awards.

Unlike Section 3 First (p), Congress did not see fit to provide for the recovery of reasonable attorneys' fees in suits for review under Section 3 First (q)."

We hold an award of attorneys' fees in a case such as this was not intended by Congress.

REVERSED AND REMANDED to the trial court for further remand to the National Railroad Adjustment Board.