**Thomas J. FINLIN, Charles H. Hogentogler and Darrell L. Middleton,**
**Appellants,**

v.

**PENNSYLVANIA RAILROAD COMPANY.**

**No. 13393.**

United States Court of Appeals
Third Circuit.

Argued Feb. 10, 1961.

Decided April 10, 1961.

James M. Davis, Jr., Mount Holly, N. J. (Powell & Davis, Mount Holly, N. J., on the brief), for appellants.

F. Morse Archer, Jr., Camden, N. J. (John P. Hauch, Jr., Archer, Greiner, Hunter & Read, Camden, N. J., John B. Prizer, Richard N. Clattenburg, Philadelphia, Pa., on the brief), for appellee.

Before BIGGS, Chief Judge, and STALEY and HASTIE, Circuit Judges.

PER CURIAM.

The appellants' wage claims were denied by the National Railroad Adjustment Board. By their complaint they seek a trial *de novo* in the court below on the ground that the Board has not afforded them procedural due process. The court dismissed the action for lack of jurisdiction holding that the Board's action was not reviewable and that the appellants were not entitled to a trial *de novo* and that the Board was a necessary party to the action. 1960, 187 F.Supp. 381.

■ The bases of the appellants' claims are substantially similar to those asserted in Pennsylvania R. Co. v. Day, 1959, 360 U.S. 548, 79 S.Ct. 1322, 3 L.Ed. 2d 1422. In the Day case and in Union Pacific R. Co. v. Price, 1959, 360 U.S. 601, 79 S.Ct. 1351, 3 L.Ed.2d 1460, the Supreme Court held that claims such as that at bar were subject to the exclusive primary jurisdiction of the Board and when denied could not be relitigated in a common-law damage suit. The court below was, therefore, correct in its conclusion that it could not afford the appellants a trial *de novo*.

■ The appellants contend that a United States district court can grant some form of relief where the Board's action constitutes a taking of property without due process of law as is alleged here. See Union Pacific R. Co. v. Price, supra, 360 U.S. at page 616, 79 S.Ct. at page 1359, Barnett v. Pennsylvania-Read-

ing Seashore Lines, 3 Cir., 1957, 245 F.2d 579, 582. Even if it be assumed, however, that the appellants' position in this respect is correct, binding relief could not be granted in a case such as that at bar unless the Board be made a party to the action. See Stranford v. Pennsylvania R. Co., D.C.D.N.J.1957, 155 F. Supp. 680, 690, citing Blackmar v. Guerre, 1952, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534. Since the Board is not a party to this action the court below was correct in dismissing the amended complaint.

The judgment will be affirmed.