Eugene J. MORRISSETTE, Felix Lee and Nathaniel Brown, Plaintiffs-Appellants,

v.

CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, Defendant-Appellee.

No. 13412.

United States Court of Appeals Seventh Circuit.

Dec. 28, 1961.

Certiorari Denied May 14, 1962.

See 82 S.Ct. 1141.

Samuel Nineberg, Arthur S. Gomberg, Chicago, Ill., for appellants.

Burton E. Ericson, T. G. Schuster, John H. Bishop, Chicago, Ill., Eldon Martin, C. W. Krohl, Chicago, Ill., of counsel, for appellee.

Before HASTINGS, Chief Judge, and KNOCH and SWYGERT, Circuit Judges.

KNOCH, Circuit Judge.

Plaintiffs, Eugene J. Morrissette, Felix Lee and Nathaniel Brown, brought action in the United States District Court to secure reinstatement as employees of defendant, Chicago Burlington & Quincy Railroad Company, and to recover damages for wrongful discharge. The complaint alleges that jurisdiction in the District Court is founded on interpretation of the Railway Labor Act, 45 U.S.C.A. § 151 et seq.

Plaintiffs have appealed from the District Court's order which sustained the motion of the defendant railroad to dismiss the complaint (for lack of jurisdiction in the District Court) and which also denied plaintiffs' motion to transfer the cause to a state court.

As the District Judge held, the Railway Labor Act does not give the District Courts jurisdiction of actions, based on wrongful discharge, which seek reinstatement or damages. Buster v. Chicago, Milwaukee, St. Paul & Pacific Railroad Company, 7 Cir., 1952, 195 F.2d 73, 74 and cases therein cited.

The Railway Labor Act does provide an administrative remedy, and prior to bringing this action in the District Court, the plaintiffs did submit their claims to the National Railroad Adjustment Board, Third Division. Plaintiffs

allege that on or about September 10, 1959, a deadlock resulted in the consideration of their claims by the Third Division. They cite the Act, 45 U.S.C.A. § 153, which provides that upon failure of any Division to agree, because of deadlock, or inability to secure a majority vote, the Division shall select a neutral "referee." If the Division fails to do so within ten days, any member of the Division, or any party to the dispute may certify that fact to the Mediation Board, which within ten days shall select such "referee." The plaintiffs assert that while they were waiting for the promised appointment of a neutral referee (although no such promise is alleged in their complaint) the Division considering their claims did reach a decision, apparently resolving the deadlock, and eliminating any need for a neutral referee. Plaintiffs' claims were denied. The proceedings before the Division are not a part of the record before us, nor were they a part of the record in the District Court. The District Judge accordingly presumed the awards to have been validly determined. In any event, as the District Court opinion notes, it would have been improper to pass on the validity of the Board's award when the Board was not a party to this suit. Ellerd v. Southern Pacific R. Co., 7 Cir., 1957, 241 F.2d 541. Cf. Arnold v. United Air Lines, Inc., 7 Cir., 1961, 296 F.2d 191.

■■ Plaintiffs could in the first instance have brought an action at common law in a state court where the applicable state law permits such action without a showing of prior exhaustion of administrative remedies. Walters v. Chicago & North Western R. Co., 7 Cir., 1954, 216 F. 2d 332, 335–336. Plaintiffs, however, elected to submit their claims to the Board. This submission of their grievances, respecting their allegedly invalid discharges, precluded them from seeking damages in a later common law action. Union Pacific R. Co. v. Price, 1959, 360 U. S. 601, 617, 79 S.Ct. 1351, 3 L.Ed.2d 1460.

All other arguments advanced by the parties have been considered in reaching our conclusion that the decision of the Trial Judge must be affirmed.