**SYSTEM FEDERATION, NO. 30, RAILWAY EMPLOYES' DEPARTMENT, AFL-CIO, et al., Plaintiff,**

v.

**BRAIDWOOD et al., Defendants.**

**No. 67 C 708.**

United States District Court
N. D. Illinois, E. D.

Feb. 9, 1968.

Richard Lyman, Mulholland, Hickey & Lyman, Toledo, Ohio, Jacob Martin and Martin Gross, Martin, Craig, Chester & Sonnenschein, Chicago, Ill., for plaintiffs.

S. R. Prince, Baltimore, Md., John H. Gobel, Chicago, Ill., for defendant Baltimore & Ohio Railroad.

Alex Elson and Aaron Wolff, Elson, Lassers & Wolff, Chicago, Ill., for defendant Labor Members.

## MEMORANDUM OPINION

MAROVITZ, District Judge.

Defendant Carrier Members Motion to Dismiss

Plaintiff System Federation No. 30, Railway Employes' Department, AFL–CIO, an unincorporated association, consists of several local labor organizations which represent various crafts or classes of employees of the defendant Baltimore & Ohio Railroad: including the Brotherhood Railway Carmen of America which represents the craft of carmen. Plaintiff George M. Lyons is a member of the Brotherhood of Railway Carmen of America whose claim against the defendant carrier was submitted to the National Railroad Adjustment Board by plaintiff System Federation. The defendant Baltimore & Ohio Railroad is a corporation organized under the laws of Maryland, which operates through the State of Illinois. Defendants Braidwood, Butler, Hagerman, Humphreys, Melberg (hereinafter designated the "Carrier Members"), and Anderson, Bagwell, McDermott, Stenziger, and Wertz, (hereinafter designated the "Labor Members") are members of the Second Division of the National Railroad Adjustment Board. Defendant McCarthy is the Executive Secretary of that Division.

On April 28, 1967, System Federation No. 30 and George Lyons, as plaintiffs, filed this action to annul Award No. 4692 of the Second Division of the NRAB, naming individually all ten members of the Second Division, the Executive Secretary of the Second Division, and the Baltimore & Ohio Railroad Company as parties defendant.

Section 3, First of the Railway Labor Act established the NRAB in 1934 as a permanent arbitration tribunal located in Chicago, consisting of four divisions, with the carriers and certain national labor organizations selecting an equal number of members. 48 Stat. 1189 (1934), 45 U.S.C. Sec. 153 (1954). In accordance with the Railway Labor Act, whenever a dispute arises concerning the application of a collective bargaining agreement, the parties attempt a settlement on the property, and failing such a settlement either party may submit the dispute to the appropriate division of the NRAB. 45 U.S.C. Sec. 153, First (i). If the Carrier and Labor Members of the NRAB fail to agree upon an award, either the members or the National Mediation Board selects a referee to break the deadlock. 45 U.S.C. Sec. 153, First (l).

This case involves a railroad employee, plaintiff George M. Lyons, who sustained injuries in the course of his employment with the Baltimore and Ohio Railroad, filed suit against the carrier, received a verdict for $25,000, and subsequently demanded reinstatement to service, which demand the carrier denied. System Federation No. 30 then submitted a claim to the Second Division, asking that George M. Lyons be restored to service. Referee Seff, participating with the Second Division, however, dismissed the claim on the ground that the NRAB could not competently determine, in the face of a conflict of evidence, the medical question of claimant's physical fitness.

The complaint characterizes this case as an action to annul Award No. 4692, with jurisdiction of the subject matter deriving from the Judicial Code, 28 U.S.C. Sections 1331, 1337 and the Railway Labor Act. 80 Stat. 208, 209 (1966), 45 U.S.C. Sec. 153 First (q). Plaintiffs allege that the Second Division did not comply with the requirements of the Railway Labor Act by reason of its failure to decide and determine the merits

of the dispute, and furthermore pray this Court to declare Award No. 4692 illegal and void, and to issue a mandatory injunction compelling the members of the Second Division to reopen their docket in this case and determine the dispute on its merits.

The Carrier Members seek dismissal of the petition, as to them, on the ground that they are not proper respondents to a petition for review under Section 3 First (q) of the Railway Labor Act.

The enactment of Public Law 89–456, 80 Stat. 208, 209, 45 U.S.C. Sec. 153 First (q), provided a statutory vehicle for judicial redress, in the form of a petition for review, for any employee or group of employees or any carrier, aggrieved by the failure of the Adjustment Board to make an award in a dispute referred to it, or aggrieved "by any of the terms of an award or by the failure of the division to include certain terms in such award." The present petition, as described by petitioners, not only seeks to annul, vacate and set aside the award in question, but "also is one in the nature of mandamus, to compel the Second Division to proceed to a determination of the dispute on its merits * * *" (Pet.Br. p. 2)

Prior to the adoption of the 1966 Amendments, this Court on several occasions permitted parties aggrieved by decisions of the NRAB to maintain non-statutory suits in the nature of mandamus, against the individual members of the NRAB to compel them to comply with the requirements of the Railway Labor Act. See e. g. Missouri-Kansas-Texas R. Co. v. National Railroad Adj. Bd., 128 F.Supp. 331 (N.D.Ill.1954); Seaboard Airline Railroad Company v. Castle, 170 F.Supp. 327 (N.D.Ill.1958).

Respondents contend that the enactment of Section 153 First (q) established an exclusive remedy at law, precluding all non-statutory remedies, such as mandamus, and adequately providing for the remedies sought by petitioner.

As a general principle, equitable relief is provided only where there is no sufficient legal remedy. Beacon Theatres Inc. v. Westover, 359 U.S. 500, 506–507, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959); Enelow v. New York Life Ins. Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440 (1935). Consistent with that principle, the Supreme Court has quite explicitly held that statutory review provisions preclude other forms of judicial review. City of Tacoma v. Taxpayers of Tacoma, 357 U.S. 320, 78 S.Ct. 1209, 2 L.Ed.2d 1345 (1958). Indeed, in Whitney National Bank in Jefferson Parish v. Bank of New Orleans & Trust Co., 379 U.S. 411, 85 S.Ct. 551, 13 L.Ed.2d 386 (1965), the Court held that Congressional enactment of a comprehensive scheme for the determination of certain issues by an agency and the review of those decisions by specified courts, should be considered to create exclusive judicial remedies "notwithstanding the absence of an express statutory command of exclusiveness." (379 U.S. at 422, 85 S.Ct. at 558). Indeed, respondents concede that they "are not in disagreement with the general principle urged at length in the brief of defendant Carrier Members, that the provision of a complete and comprehensive statutory scheme for judicial review of the decisions of an administrative tribunal precludes other forms of non-statutory review." (Pet.Br. p. 6).

Of course, the content of each scheme of review must be considered on its own merits to determine whether it meets the test of exclusivity. Section 153 First (q) was enacted in 1966 as part of a comprehensive scheme which provided new and amended procedures for making awards (subsections (m) and (o)), for enforcement of awards (Subsection (p)), and for review of awards (subsection (q)). It contains no "express statutory command of exclusiveness." Petitioners contend that the Act does not make available all of the remedies and relief which they seek. They contend that the conduct of the Board itself, in failing to pass on the merits of the dispute, "is the gist of this action," and believe that relief from same is apparently not within the scope of the

statutory review provided by the Act. However, they have failed to describe the exact nature of the relief which they desire, but which the Act fails to provide.

The crux of petitioners' aggrievement is that the Board's Award No. 4692 is invalid because that Award dismissed petitioner Lyons' claim without deciding it on the merits. Seemingly, petitioners believe that the Railway Labor Act requires the Board to make a decision on the merits as to such a claim. Essentially then, petitioners claim that the Second Division violated the Railway Labor Act by its decision.

However, Section 153 First (q) provides, inter alia, that "the order of the division may be set aside, in whole or in part, or remanded to the division, for failure of the division to comply with the requirements of this chapter * * *." The decision in Transportation-Communication Employees Union v. Union Pacific Railway Co., 385 U.S. 157, 87 S.Ct. 369, 17 L.Ed.2d 264 (1966), in which the Supreme Court applied the identical remand power contained in Section 153 First (p) of the Act, is persuasive authority for the proposition that this court has ample power to order the NRAB to comply with the Act, if one of its decisions fails to adhere to its provisions.

■ In view of the above, we believe the statutory scheme embodied in Section 153 First (q) confers power in this Court to determine the grievance raised by petitioners, namely the failure of the Board to conform to the law, and should be considered their exclusive remedy for review of the Board Award. Accordingly, mandamus, which sounds in equity, cannot be ordered by this court, since petitioners have an adequate remedy at law. Hence, the moving respondents cannot be joined to this action on the ground that they are subject to this Court's equitable jurisdiction.

However, petitioners argue that even if this action were to be maintained as a statutory review proceeding, the individual members of the NRAB would be proper parties because Award No. 4692 was a dismissal on jurisdictional grounds rather than a judgment on the merits.

■ Section 153 First (q) makes no reference to the identity of respondents in petitions for review, and does not explicitly exclude the possibility of the Board members as potential respondents. However, we believe the individual members of the NRAB should not be included as respondents in such proceedings. The instant respondents' suggestions on this point were quite persuasive. The petition for review is essentially a continuation of the proceedings before the Board, to which the carrier alone was a party defendant. We believe the parties in court should be the same as those before the agency. The analogy is to appellate review of trial court judgments, where the appellant names his opponent below as appellee rather than the trial judge. The function of an appellate court is similar to that exercised by a district court on a petition for review, since both sit in review of the decisions of lower tribunals. A petition for review differs from a new civil action filed to challenge an agency's decision. The latter constitutes a new proceeding with a separate identity, and the members of the agency can be joined as defendants. Such is the type of review provided by the Social Security Act, 49 Stat. 624 (1935), 42 U.S.C. Sec. 405(g), under which an aggrieved party "may obtain a review of such decision by a civil action."

The NRAB functions solely as an allegedly impartial adjudicatory tribunal, unlike a body such as the Federal Trade Commission, which operates as a quasi-legislative body. Petitions seeking review of FTC decisions normally name the agency as respondent. This is because the agency maintains an interest in its decisions, which represents part of its function to administer certain laws and formulate policy, and which accordingly makes the Commission a proper respondent to a petition for review. The NRAB has neither legislative nor prosecutorial functions—it sits merely as an adjudica-

tive body, and does not administer laws or formulate policy. Rather it resolves disputes between carriers and their employees arising under the Railway Labor Act.

The above conclusions—that the NRAB is analogous to a lower court—is equally applicable where the Board has dismissed a claim on jurisdictional grounds rather than on the merits. The trial judge is no more a proper party on appeal when he dismisses an action for lack of jurisdiction, than when he decided the case on the merits. And so here. Petitioners have advanced nothing persuasive to challenge our above findings—and the analogy upon which they rest.

We think the moving members of the NRAB are improper parties to a statutory petition for review and must be dismissed. Petitioners' request that we reserve decision on this motion is equally unavailing. They suggest no justification for subjecting the NRAB members to further expense and inconvenience in defending this action when, in our judgment, they are not proper respondents. The motion to dismiss is sustained.