**August Paul ROSSI, Plaintiff-Appellant,**

**v.**

**TRANS WORLD AIRLINES, INC., Defendant-Appellee.**

**No. 73-1458.**

United States Court of Appeals, Ninth Circuit.

Nov. 27, 1974.

Victor I. Reichman (argued), Norwalk, Cal., for plaintiff-appellant.

Gordon E. Krischer (argued), of O'Melveny & Myers, Los Angeles, Cal., for defendant-appellee.

Before TRASK, CHOY and GOODWIN, Circuit Judges.

## OPINION

PER CURIAM:

Rossi, a flight engineer employed by TWA, enrolled in the company's First Officer Training Program. Because his progress in the program was unsatisfactory, he was dismissed from the program and discharged as flight engineer. The Pilots' System Board of Adjustment, an arbitration board established by the collective bargaining agreement pursuant to the mandate of the Railroad Labor Act as applied to air carriers, 45 U.S.C. § 184, sustained his dismissal.

Rossi sought reinstatement in district court, claiming that failure to complete the training program bore no rational relationship to his ability to continue serving as flight engineer. The court refused to review the Board's award and granted TWA summary judgment. Rossi appeals. We affirm.

 Awards of the National Railroad Adjustment Board (NRAB) enjoy the same finality as awards of arbitration panels. Gunther v. San Diego & A.E.R. Co., 382 U.S. 257, 263, 86 S.Ct. 368, 15 L.Ed.2d 308 (1965); Barrett v. Manufacturers R. Co., 453 F.2d 1305, 1307 (8th Cir. 1972). Therefore, whether awards of airline adjustment boards established pursuant to 45 U.S.C. § 184 should be treated like those of private arbitration boards rather than like those of the NRAB is irrelevant in the context of this dispute. Courts will not review the merits of arbitration awards so long as the award is based properly on the applicable collective bargaining agreement. United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 596–597, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).[1] An arbitrator is not confined to the express terms of the contract, however. Where the contract is not explicit, he may apply the "common law of the shop." Anaconda Co. v. Great Falls Mill & Smeltermen's Union No. 16, 402 F.2d 749, 752 (9th Cir. 1968).

██ When the Pilots' Adjustment Board decided that Rossi's discharge was justified, it decided his case on its merits, not on a procedural technicality. Therefore, so long as that decision was based on TWA's collective bargaining agreement, it is not subject to our review.[2] Rossi argues that the Board had no reasonable basis to decide that his dismissal as flight engineer was justified simply because he failed to achieve promotion to first officer. The arbitration board, drawn from the industry, was better able to make that determination than is this court. The Board may have found that the company's policy of dismissing employees who failed in programs leading to promotion was so well-known and accepted by both union and management as to be part of the "common law" of the TWA agreement. In any event, we cannot require an arbitration board to spell out for our benefit the logical process by which it makes its decision. Enterprise Wheel, 363 U.S. at 598, 80 S.Ct. 1358, 4 L.Ed.2d 1424. We find no indication in the record that the Board ignored the terms of the collective bargaining agreement—as derived both from its express provisions and from the customary practices of the industry—and dispensed its "own brand of industrial justice." Id. at 597, 80 S.Ct. 1358, 4 L.Ed.2d 1424.

1. See Devita v. Burlington Northern, Inc., 494 F.2d 347, 348 (9th Cir. 1974); Holly Sugar Corp. v. Distillery, Rectifying, Wine & Allied Workers Int'l Union, AFL–CIO, 412 F.2d 899, 903 (9th Cir. 1969); San Francisco-Oakland Newspaper Guild v. Tribune Publishing Co., 407 F.2d 1327 (9th Cir. 1969); Anaconda Co. v. Great Falls Mill & Smeltermen's Union No. 16, 402 F.2d 749, 752 (9th Cir. 1968).

2. The Railway Labor Act provides three statutory bases for judicial reversal of NRAB arbitration awards, none of which permits reexamination of the merits: failure to comply with the Act, lack of jurisdiction, and fraud or corruption by a member of the Board. 45 U.S.C. § 153 (First) (p), (q).

The court correctly granted summary judgment. Following TWA's motion, supported by affidavits, Rossi failed to support by affidavits any factual allegation necessitating a trial. His affidavit alleging fraud and corruption by the Board in arriving at its decision contained only inadmissible hearsay and was properly disregarded by the trial court. Fed.R.Civ.P. 56(e).

Affirmed.