John GIORDANO, Plaintiff-
Appellant,

v.

MODERN AIR TRANSPORT/IBT SYS-
TEM BOARD OF ADJUSTMENT,
Defendant-Appellee.

No. 74–2553

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 9, 1974.

Rehearing Denied Jan. 10, 1975.

John Giordano, pro se.

Claude T. Sullivan, Jr., Robert J. Berghel, Atlanta, Ga., for defendant-appellee.

Before COLEMAN, DYER and RONEY, Circuit Judges.

PER CURIAM:

John Giordano, a flight engineer, was dismissed by his employer, Modern Air Transport, for his failure to be available for duty after proper notification and also for his departure from his Berlin base in violation of express orders. Upon stipulation of Giordano, the company and the union, the grievance was submitted directly to the System Board of Adjustment prescribed by the collective bargaining agreement and provided for by the Railway Labor Act as it applies to air carriers. 45 U.S.C.A. § 184. At this hearing Giordano was represented by a union official and was permitted to introduce evidence and to testify in his own behalf. The Board found that Giordano was terminated for just cause.

Giordano then petitioned for review of the System Board of Adjustment award.

* Rule 18, 5th Cir., see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

The district court held that its review was limited to a determination of whether the Board, in making its decision, afforded Giordano due process. Finding "that full effect was given to grievant's substantive and procedural rights," the court dismissed the petition. We affirm.

■ The decision of the System Board on whether Giordano was properly discharged is final and binding and not subject to review on the merits by the courts. Pursuant to section 204 of the Railway Labor Act, as amended, 45 U.S.C.A. § 184, the company and the union included in their collective bargaining agreement provisions for the establishment and operation of a Railway Labor Act System Board of Adjustment. Section 21K of that agreement provided, *inter alia*, that:

Decisions of the Board in all cases properly referrable to it shall be final and binding upon the parties thereto.

The federal labor policy of deference to arbitration awards is set forth in United Steelworkers v. Enterprise Wheel Corp., 363 U.S. 593, 596, 80 S.Ct. 1358, 1360, 4 L.Ed.2d 1424 (1960), as follows:

The refusal of courts to review the merits of an arbitration award is the proper approach to arbitration under collective bargaining agreements. The federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of the awards.

Subsequently, in IAM v. Central Airlines, 372 U.S. 682, 694–695, 83 S.Ct. 956, 963, 10 L.Ed.2d 67 (1963), the Supreme Court expressly extended this deference doctrine to awards rendered by System Boards of Adjustment, stating:

[W]e are quite sure that . . . the federal law would look with favor upon contractual provisions affording *some* degree of finality to system board awards. Congress has long since abandoned the approach of the completely unenforceable award . . . . [T]he Act, its history, and its purposes lead us to conclude that when Congress ordered the establishment of system boards to hear and decide airline contract disputes, it "intended the Board to be and to act as a public agency, not as a private go-between; its awards to have legal effect, not merely that of private advice." [Citations omitted].

■ Accordingly, where, in the instant case, there is no allegation that the System Board of Adjustment was without or exceeded its jurisdiction in determining the dispute in issue, a federal court must defer to the System Board of Adjustment's decision on the merits of the controversy. Rosen v. Eastern Airlines, Inc., 400 F.2d 462 (5th Cir. 1967), cert. denied, 394 U.S. 959, 89 S.Ct. 1307, 22 L.Ed.2d 560 (1969); Arnold v. United Airlines, Inc., 296 F.2d 191 (7th Cir. 1961).

■■ We, therefore, can reverse the System Board only where there is a denial of due process before the Board, and our review does not extend to proceedings before submission to the Board. Rosen v. Eastern Airlines, Inc., *supra,* *citing* Gunther v. San Diego & Arizona Eastern R. R., 382 U.S. 257, 86 S.Ct. 368, 15 L.Ed.2d 308 (1965). A review of the record in this case fails to disclose that Giordano was not accorded all of his due process rights.

The action of the district court in dismissing appellant's petition for review is affirmed.