Thomas C. HALL, Plaintiff-Appellee,

v.

EASTERN AIR LINES, INC.,
Defendant-Appellant.

No. 74–3883

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 17, 1975.

William G. Bell, Jr., Roland H. Moore, Miami, Fla., for defendant-appellant.

Barry S. Maram, Miami, Fla., for plaintiff-appellee.

Before THORNBERRY, SIMPSON and MORGAN, Circuit Judges.

PER CURIAM:

On September 19, 1973, Eastern Air Lines discharged Thomas C. Hall for leaving work early without company approval. He filed a grievance and a hearing was held before the company's Mechanical Department System Board of Adjustment, a body established pursuant to 45 U.S.C. § 184. The Board upheld the discharge decision, and Hall appealed to the district court, alleging he had been denied fundamental due process because the Board refused to consider his alibi defense.

The district court recognized that its scope of review is limited. *See* 45 U.S.C. § 153, First (q). In general the Board's decision on the merits is final and not subject to review. Gunther v. San Diego & Arizona Eastern Ry. Co., 382 U.S. 257, 86 S.Ct. 368, 15 L.Ed.2d 308 (1965). However, review is not absolutely foreclosed where petition-

* Rule 18, 5 Cir.; Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

er alleges a denial of fundamental due process. *See* Rosen v. Eastern Air Lines, 400 F.2d 462 (5th Cir. 1968), cert. denied, 394 U.S. 959, 89 S.Ct. 1307, 22 L.Ed.2d 560 (1969); Southern Pacific Co. v. Wilson, 378 F.2d 533, 536–537 (5th Cir. 1967). Here the Board refused to give any weight to Hall's alibi defense merely because he had not previously presented it. The Board, of course, is entitled to completely reject such evidence *after* reviewing it on the merits, but this procedure in this case denied Hall the opportunity to present his alibi defense at the de novo hearing.

Appellants argue the Board did consider the evidence and then decided to accord it no weight. Yet a careful reading of its entire opinion compels us to find that the Board rejected the evidence because Hall was tardy in presenting it. Further, a refusal to consider the evidence was not harmless; the Board itself recognized that if the facts Hall relied on were true, they would constitute a complete defense to his discharge. The presentation of one's defense is a basic due process right, and the district court properly remanded the case to afford Hall the opportunity to exercise that right in a de novo hearing.

Affirmed.