**Ralph WELLS, Plaintiff-Appellee,**

v.

**SOUTHERN AIRWAYS, INC., and the Airline Pilots Association, International, Defendants-Appellants.**

No. 74–3706

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Aug. 11, 1975.

Rehearing and Rehearing En Banc Denied Nov. 6, 1975.

See 522 F.2d 707.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Robert S. Savelson, Michael E. Abram, New York City, John R. Goldthwaite, Jr., Robert J. Martin, Jr., Atlanta, Ga., for A. L. P. A.

John Bacheller, Jr., Michael H. Campbell, Atlanta, Ga., for Southern Airways, Inc.

William M. Pate, Atlanta, Ga., for plaintiff-appellee.

Before THORNBERRY, SIMPSON and RONEY, Circuit Judges.

PER CURIAM:

■ On February 5, 1969 Southern Airways terminated Ralph Wells, a pilot with nine years of service. Pursuant to the collective bargaining agreement between Southern and the Air Line Pilots Association (ALPA), Wells received a written statement of the reasons for his termination.[1] He elected to challenge his discharge through the grievance procedure provided in that agreement.[2] The five man System Board found that Southern's action was justified because of the past incidents of pilot incompetence and the substantial public interest in safe air travel. On April 6, 1970 Wells challenged the System Board determination in district court. The court upheld Wells' claim that the System Board procedure denied him due process,

---

1. Southern's notification of termination gave four reasons: (1) taking off over allowable gross weight from Tallahassee, Florida on January 28, 1969; (2) failing a line check on January 31, 1969; (3) failing a proficiency check ride on February 4, 1969; and (4) an unsatisfactory overall record as a Southern pilot.

2. Wells elected not to bring his grievance before a four man System Board, consisting of two members designated by the carrier and two by the union. He proceeded directly to a hearing before a five man board—essentially the four man board plus a neutral arbitrator. Section 31(a)(7) of the collective bargaining agreement granted him this option.

and ordered another hearing. We reverse.[3]

The district court's power to set aside the System Board determination is very limited. The Board's decision on the merits is final, and not subject to review. Gunther v. San Diego & Arizona Eastern Ry. Co., 382 U.S. 257, 86 S.Ct. 368, 15 L.Ed.2d 308 (1965); Hall v. Eastern Air Lines, Inc., No. 74–3883, 511 F.2d 663 (5th Cir. 1975); Giordano v. Modern Air Transport/IBT System Bd. of Adjustment, 504 F.2d 882 (5th Cir. 1974). A federal court does have power to set aside the Board's determination where there is an absence of fundamental due process. Hall v. Eastern Air Lines, Inc., *supra* ; Rosen v. Eastern Air Lines, 400 F.2d 462 (5th Cir. 1968), *cert. denied*, 394 U.S. 959, 89 S.Ct. 1307, 22 L.Ed.2d 560 (1969). But that narrow exception does not apply in this case.

Wells claimed his discharge resulted from an ALPA policy of discrimination against nonunion pilots, and management-union collusion in furtherance of that policy. The neutral arbitrator specifically commented on that charge of his decision.[4]

After a rigorous examination of all the evidence, I must say that I find nothing in the record to support the charge that the aggrieved's termination was the result of hostile discrimination by ALPA or its members and nothing to support the charge that ALPA members and members of Management conspired to bring about his discharge. Assumption is no substitute for reasonable probability as a measure of wrongdoing. Wells indeed makes much of the fact that there was a pilot strike at Southern in 1960–1962 during which he and other non-union pilots displaced ALPA members and which he asserts, stirred great resentments and caused strong feelings of animosity to develop among the striking and non-striking pilots. Undoubtedly, in a situation like that, resentments and animosities do develop. And there is not much question that in this case they spilled over from the strike and affected pilot relations for a time after the strike. But the passage of time has healed most of the old wounds and no one except the aggrieved, seems seriously to believe that the relations between ALPA members and non-ALPA members have been so poor in recent years as to make a conspiracy to bring about Wells' discharge a reasonable probability.

Wells received a full hearing before the Board. He had full opportunity to present his claim that he was not discharged for incompetence, but for hostile discrimination against nonunion pilots by the ALPA, and company acquiescence in that discrimination. The Board resolved this claim adversely to Wells.

The collective bargaining agreement provides for a five man System Board composed of two company-designated representatives, two union-designated representatives, and a neutral arbitrator. All five are charged with the responsibility of impartially deciding the case before the Board.[5] The trial court did not

---

3. The district judge ordered a new hearing before an impartially constituted System Board on Wells' discharge. Wells here questions the appealability of that order. We find that the district court's order was a final judgment within the meaning of 28 U.S.C. § 1291. Hall v. Eastern Air Lines, No. 74–3883, 511 F.2d 663 (5th Cir. 1975); Ringsby Truck Lines, Inc. v. United States, 490 F.2d 620 (10th Cir. 1973); Cohen v. Perales, 412 F.2d 44 (5th Cir. 1969), *rev'd on other grounds sub nom.* Richardson v. Perales, 402 U.S. 389, 91 S.Ct. 14–20, 28 L.Ed.2d 842 (1971).

4. The neutral arbitrator, conforming to standard System Board practice, wrote his decision without consultation with the other four members of the Board. The two company designated members signed the opinion, but the two union designated members returned the opinion to the neutral unsigned.

5. The district court may have misunderstood the role of the management and labor members of the Board. In Finding of Fact 17, the court stated: "It is contemplated in five-man system boards of adjustment in the airline industry that the two carrier-designated members will be partisan for the carrier's interests;

find any bias on the part of individual members of the Board. No denial of fundamental due process occurred, making the Board's decision final. The district court exceeded its authority when it set aside the Board's determination. *See* Giordano v. Modern Air Transport/IBT System Bd. of Adjustment, 504 F.2d 882 (5th Cir. 1974).

Reversed.

that the two union designees will be partisan for the union's interests." But, as stated above, all five are charged with the duty of impartially deciding the case.

The union, as the bargaining representative for *all* employees of Southern, has a duty to fairly represent Wells. Under the collective bargaining agreement, the union was obligated to provide representation for Wells at the grievance hearing. Instead Wells exercised his option to retain his own counsel.

* Rule 18, 5 Cir., see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.