**In the Matter of Lee S. FONG, Petitioner,**

v.

**AMERICAN AIRLINES, INC. and San Francisco Area Board of Adjustment, Respondents.**

**Civ. No. 76–2730–WWS.**

United States District Court, N. D. California.

May 2, 1977.

See also D.C., 431 F.Supp. 1334.

---

Dennis John Woodruff, Linda J. Brown, San Francisco, Cal., for petitioner.

Donald D. Connors, Jr., Brobeck, Phleger & Harrison, San Francisco, Cal., for respondents.

## ORDER DENYING MOTION FOR DEFAULT AND GRANTING MOTION TO DISMISS.

SCHWARZER, District Judge.

This action involves the petition of Lee S. Fong, a discharged employee of American Airlines, Inc., for judicial review of an award of the American Airlines San Francisco Area Board of Adjustment sustaining his discharge. Petitioner challenges the award on grounds of fraud, corruption, and denial of due process by the Board. He has sought to join the Board as a party to these proceedings and to obtain a default judgment against the Board for its failure to answer. The Board, represented herein by the United States Attorney, has countered with a motion to dismiss it from further proceedings.

The Board argues that it is not a proper party to review proceedings with respect to its awards. Petitioner responds that the Board is a proper and indispensable party in an action which attacks its proceedings on the grounds asserted. Each side cites a smattering of case authority in support of its position. The Court has reviewed the cases cited and the text and legislative history of relevant provisions of the Railway Labor Act. That review supports the Board's position that it has only a limited role to play in review proceedings—a role that is fulfilled when a record of the proceedings and decision of the Board is properly before the reviewing court. This limited role does not impinge upon the right or ability of petitioner to obtain full judicial review and relief in this proceeding. Moreover, it serves judicial economy by eliminating an unnecessary party from the action. For these reasons, the Court must deny petitioner's motion for default and grant the Board's motion to dismiss.

Carriers by air and their employee representatives are required to establish boards of adjustment to arbitrate employee grievances. 45 U.S.C. § 184 provides in part:

"It shall be the duty of every carrier and of its employees, acting through their representatives . . . to establish a board of adjustment of jurisdiction not exceeding the jurisdiction which may be lawfully exercised by system, group, or regional boards of adjustment, under the authority of section 153 of this title."

Although § 184 does not provide for judicial review of board of adjustment awards, and collective bargaining agreements typically provide that such awards are to be final and binding, courts have reviewed awards when denial of due process by the board is in issue. See, e. g., *Hall v. Eastern Airlines, Inc.,* 511 F.2d 663 (C.A. 5, 1975); *Giordano v. Modern Air Transport/IBT System Bd. of Adjustment,* 504 F.2d 882 (C.A. 5, 1974); *Rossi v. Trans World Airlines,* 350 F.Supp. 1263 (N.D.Cal., 1972), aff'd, 507 F.2d 404 (C.A. 9, 1974). Such courts have handled review proceedings in the same manner as they are handled for railroad employees under 45 U.S.C. § 153 (first) (p), (q), pointing to similar policies and legislative parallelism. *Rossi, supra,* at 350 F.Supp. 1269, 507 F.2d 405, n. 2; see also *International Association of Machinists, AFL–CIO v. Central Airlines, Inc.,* 372 U.S. 682, 685–86, 83 S.Ct. 956, 10 L.Ed.2d 67 (1963).

Section 153 (first) (q), as amended in 1966 by Pub.L. 89–456, § 2(e), establishes a specific and limited role for an adjustment board in review proceedings:

(q) If any employee or group of employees, or any carrier, is aggrieved by the failure of any division of the Adjustment Board to make an award in a dis-

pute referred to it, or is aggrieved by any of the terms of an award or by the failure of the division to include certain terms in such award, then such employee or group of employees or carrier may file in any United States district court in which a petition under paragraph (p) could be filed, a petition for review of the division's order. *A copy of the petition shall be forthwith transmitted by the clerk of the court to the Adjustment Board. The Adjustment Board shall file in the court the record of the proceedings on which it based its action.* The court shall have jurisdiction to affirm the order of the division or to set it aside, in whole or in part, or it may remand the proceeding to the division for such further action as it may direct. On such review, the findings and order of the division shall be conclusive on the parties, except that the order of the division may be set aside, in whole or in part, or remanded to the division, for failure of the division to comply with the requirements of this chapter, for failure of the order to conform, or confine itself, to matters within the scope of the division's jurisdiction, or for fraud or corruption by a member of the division making the order. The judgment of the court shall be subject to review as provided in sections 1291 and 1254 of Title 28.[1]

The clear import of this section is that the reviewing court acts on the record as filed by the Board. No formal intervention by the board is contemplated in the section or necessary to effectuate its review procedure.

Petitioner cites two railroad employee cases, both decided before the addition of § 153 (first) (q) in 1966, for the proposition that a board of adjustment is a proper and necessary party to review proceedings.[2] *Finlin v. Pennsylvania Railroad Co.*, 288 F.2d 826 (C.A. 3, 1961); *Morrissette v. Chicago, Burlington, and Quincy Railroad Co.*, 299 F.2d 502 (C.A. 7, 1961). Both of those cases involved *independent civil actions* by an employee to obtain relief from a board decision. At the time they were decided, there was no procedure for informing the board of an attack on its award and obtaining an adequate record on which its proceedings might be reviewed for violations of due process—the independent civil action charging a due process violation was the employee's only means of redress. The courts held the presence of the board necessary to the action, arguably because the court would have neither a record nor the power to act on the award without it. § 153 (first) (q) obviates any necessity to have the board present—the board must submit its record; the court is given full power to act on the award.

Lower court cases decided since the enactment of § 153 (first) (q) support the view that the board is not a proper party to a review proceeding.[3] The leading case, upon which the others rely, is *System Federation No. 30 v. Braidwood*, 284 F.Supp. 607, 610–11 (N.D.Ill., 1968). In that case the court dismissed the board, analogizing its role to that of a trial court in appellate proceedings. The court specifically distinguished independent civil actions, such as the actions involved in the cases cited by petitioner, from a judicial review proceeding. The court stated:

> Section 153 First (q) makes no reference to the identity of respondents in petitions for review, and does not explic-

---

1. § 153 (first) (q) was added to provide equal opportunity for review by both the carrier and the employee—prior law and practice did not permit review, but allowed the carrier to obtain a de facto review by refusing to obey the award. S.Rep. 1201, P.L. 89–456, 1966 U.S. Code Cong. & Admin.News, pp. 2285, 2287, 2290. Before this addition, the Board's award was final and there was no statutory mechanism for judicial review. See, 48 Stat. 1189; 44 Stat. 578.

2. Other cases cited by petitioner which deal with the Railway Mediation Board involve with a different statutory scheme and are not in point.

3. *System Federation No. 30 v. Braidwood*, 284 F.Supp. 607, 610–611 (N.D.Ill.1968); followed in *Sheehan v. Union Pacific Railroad Co.*, 423 F.Supp. 324 (D.Utah 1976); *Schwarzwalder v. Public Law Board #739*, C–72–1149 (N.D.Ohio 1975); *Simeral v. Western Pacific Railroad Co.*, No. C–76–2234–ACW (N.D.Cal.1977).

itly exclude the possibility of the Board members as potential respondents. However, we believe the individual members of the NRAB should not be included as respondents in such proceedings. The instant respondents' suggestions on this point were quite persuasive. The petition for review is essentially a continuation of the proceedings before the Board, to which the carrier alone was a party defendant. We believe the parties in court should be the same as those before the agency. The analogy is to appellate review of trial court judgments, where the appellant names his opponent below as appellee rather than the trial judge. The function of an appellate court is similar to that exercised by a district court on a petition for review, since both sit in review of the decisions of lower tribunals. *A petition for review differs from a new civil action filed to challenge an agency's decision. The latter constitutes a new proceeding with a separate identity, and the members of the agency can be joined as defendants.* Such is the type of review provided by the Social Security Act, 49 Stat. 624 (1935), 42 U.S.C. Sec. 405(g), under which an aggrieved party "may obtain a review of such decision by a civil action."

The NRAB functions solely as an allegedly impartial adjudicatory tribunal, unlike a body such as the Federal Trade Commission, which operates as a quasi-legislative body. Petitions seeking review of FTC decisions normally name the agency as respondent. This is because the agency maintains an interest in its decisions, which represents part of its function to administer certain laws and formulate policy, and which accordingly makes the Commission a proper respondent to a petition for review. The NRAB has neither legislative nor prosecutorial functions—it sits merely as an adjudicative body, and does not administer laws or formulate policy. Rather it resolves disputes between carriers and their employees arising under the Railway Labor Act.

The above conclusions—that the NRAB is analogous to a lower court—is equally applicable where the Board had dismissed a claim on jurisdictional grounds rather than on the merits. The trial judge is no more a proper party on appeal when he dismisses an action for lack of jurisdiction, than when he decided the case on the merits. And so here. Petitioners have advanced nothing persuasive to challenge our above findings—and the analogy upon which they rest.

We think the moving members of the NRAB are improper parties to a statutory petition for review and must be dismissed. Petitioners' request that we reserve decision on this motion is equally unavailing. They suggest no justification for subjecting the NRAB members to further expense and inconvenience in defending this action when, in our judgment, they are not proper respondents. The motion to dismiss is sustained.

Several considerations render the result and reasoning in *Braidwood* more persuasive than the arguments advanced by petitioner. First, § 153 (first) (q), applied to airlines, provides a complete judicial review mechanism available to petitioner. Since the court is provided with the record [4] and is given full authority to act on the award, the appearance of the board wastes attorney resources and clutters judicial proceedings with an unnecessary party.[5] Second, the integrity of the arbitral process is best preserved by recognizing the arbitrators as independent decision-makers who

---

**4.** The board has duly filed a record of the proceedings involving the discharge of petitioner. The record consists of a transcript of testimony and argument heard by the board.

**5.** Petitioner advanced at oral argument an additional justification for the presence of the board in this action. Petitioner suggested that attorney's fees might be awardable against the board under § 153 (first) (p). This argument is plainly without merit. That section deals with situations in which the carrier does not comply with an award and the employee must seek enforcement, not the situation here. Moreover, the clear import of the section is that attorney's fees may be awarded against the carrier as recalcitrant party, not the innocent board.

have no obligation to defend themselves in a reviewing court. The board has made and submitted its decision in this case—any remaining controversy is between petitioner and American Airlines, Inc.[6]

For the reasons stated above and good cause appearing:

IT IS HEREBY ORDERED that petitioner's motion for default be and hereby is denied.

IT IS FURTHER ORDERED that the motion of the San Francisco Area Board of Adjustment to dismiss it as a party from this action be and hereby is granted.

---

6. An additional factor supporting the court's decision is the absence of the board as a party in recent cases reviewing decisions of the airline boards of adjustment. See, *Hall, Rossi, supra.* Only one case cited by the parties or located by the court, *Giordano, supra,* contains the name of the board of adjustment in its title. Even in that case there is no evidence of an appearance or active participation in the action by the board. Apparently, the two party system of review has been accepted in judicial review proceedings.