**MERCHANTS DESPATCH TRANSPORTATION CORPORATION, Plaintiff,**

v.

**SYSTEMS FEDERATION NUMBER ONE RAILWAY EMPLOYEES' DEPARTMENT AFL–CIO CARMEN, etc., et al., Defendants.**

No. 75 C 2972.

United States District Court,
N. D. Ill., E. D.

Dec. 15, 1977.

Peter V. Fazio, James E. Spiotto, Mark P. Cohen, Terence T. O'Meara, Chapman & Cutler, Chicago, Ill., for plaintiff.

Alex Elson, Elson, Lassers & Wolef, Chicago, Ill., Edward J. Hickey, Jr., William J. Hickey, Michael S. Wolly, Mulholland, Hickey & Lyman, Washington, D. C., for defendants Special Bd. of Adjustment and Harold Gilden.

MEMORANDUM OPINION

GRADY, District Judge.

Defendants Special Board of Adjustment Number 570 ("Board") and Referee Harold M. Gilden have moved for their dismissal from this action as improper parties. The underlying action was filed by Merchants

Despatch to review an adverse decision by the Board, a special arbitration board established by agreement under the Railway Labor Act. This court originally dismissed the action for want of jurisdiction based on the Seventh Circuit's controlling opinion in *Brotherhood of Railway Clerks v. Special Board of Adjustment No. 605*, 410 F.2d 520 (7th Cir.), *cert. denied*, 396 U.S. 887, 90 S.Ct. 177, 24 L.Ed.2d 162 (1969). On appeal, the Seventh Circuit overruled its former opinion, holding that this court does have jurisdiction to review special board of adjustment awards. *Merchants Despatch Transportation Corp. v. Systems Federation Number One Railway Employees' Dept. AFL–CIO Carmen*, 551 F.2d 144 (7th Cir. 1977). On remand, the Board and Referee Gilden have renewed their earlier motion to dismiss them as improper party defendants.

The resolution of this motion turns on the applicability of a statement in *Morrissette v. Chicago, Burlington & Quincy Railroad Co.*, 299 F.2d 502 (7th Cir. 1961), in which the Seventh Circuit noted: "it would have been improper to pass on the validity of the Board's award when the Board was not a party to this suit." *Id.* at 503. Plaintiff argues that *Morrissette* is controlling and that the Board and Referee are necessary parties to its action to review the Board's arbitration award. We disagree. *Morrissette* involved an action brought by employees seeking reinstatement and damages for wrongful discharge. The plaintiffs had submitted their claims to the National Railroad Adjustment Board ("NRAB") and they were denied. The court of appeals held that the Railway Labor Act does not give the district courts jurisdiction of independent civil actions for wrongful discharge which seek reinstatement or damages. Once the employees submitted their grievances to the Board, they were precluded from seeking damages in a later common law action. Therefore, the statement relied upon by plaintiff is dictum. Moreover, in contrast to the case at bar, the record of the Board's proceedings was not before the court, nor was the Board a party. In such circumstances, the court commented that it would be improper to review the validity of the Board's award.

Since *Morrissette* was decided, the Railway Labor Act has been amended to provide that in cases of judicial review of National Railway Adjustment Board awards, the NRAB is sent a copy of the petition, and is required to file the record of its proceedings with the court. 45 U.S.C. § 153 First (q). Cases decided since the amendment have held that the Board is not a proper party to a review proceeding. *Fong v. American Airlines, Inc.*, 431 F.Supp. 1340 (N.D.Cal.1977); *System Federation No. 30 v. Braidwood*, 284 F.Supp. 607 (N.D.Ill.1968).

If this case were before the court under the provisions of § 153 First (q), the issue would be easily resolved on the authority of *Braidwood* and *Fong*. However, in this case on appeal, the Seventh Circuit held that the provision for review of public law boards which makes § 153 First (q) applicable to public law boards does not apply to the voluntary special boards of adjustment. *Merchants Despatch*, 551 F.2d at 151. The court so held in the context of refusing to find jurisdiction for district court review based on the provisions of § 153 First (q). It went on to hold that federal courts have jurisdiction under 28 U.S.C. §§ 1331 and 1337 to review awards of special boards of adjustment. 551 F.2d at 152. Federal question jurisdiction exists because the labor agreement is governed by the Railway Labor Act and the special board obtains its authority from federal law. "These are federal contracts, and their interpretation must be ultimately reviewed in the federal courts." 551 F.2d at 152. The court analogized to the enforceability of labor contracts under § 301 of the Labor Management Relations Act.

Merchants Despatch argues that since there is no statutory provision requiring the filing of the Board's record, and since § 153 First (q) does not apply, the situation is the same as it was prior to the amendment of the Railway Labor Act and *Morrissette* still obtains. This argument is not persuasive. The rationale behind the statement made in *Morrissette* does not apply to a case where

the Board's record is on file with the court. The Board's role in a review proceeding should be a limited one. Its function "is fulfilled when a record of the proceedings and decision of the Board is properly before the reviewing court. This limited role does not impinge upon the right or ability of petitioner to obtain full judicial review and relief in this proceeding. Moreover, it serves judicial economy by eliminating an unnecessary party from the action." *Fong v. American Airlines, Inc.*, 431 F.Supp. 1340, 1341 (N.D.Cal.1977).

The fact that awards of special boards of adjustment may not be subject to § 153 First (q) review procedure is not controlling. This is a petition for review of an arbitration award. The rationale of *Fong* and *Braidwood* remains persuasive. In *Braidwood*, the court distinguished independent civil actions, such as *Morrissette*, from judicial review proceedings.

> The petition for review is essentially a continuation of the proceedings before the Board . . . . We believe the parties in court should be the same as those before the agency. The analogy is to appellate review of trial court judgments, where the appellant names his opponent below as appellee rather than the trial judge. The function of an appellate court is similar to that exercised by a district court on a petition for review, since both sit in review of the decisions of lower tribunals. A petition for review differs from a new civil action filed to challenge an agency's decision. The latter constitutes a new proceeding with a separate identity, and the members of the agency can be joined as defendants. Such is the type of review provided by the Social Security Act, 49 Stat. 624 (1935), 42 U.S.C. Sec. 405(g), under which an aggrieved party "may obtain a review of such decision by a civil action."
>
> The NRAB functions solely as an allegedly impartial adjudicatory tribunal, unlike a body such as the Federal Trade Commission, which operates as a quasi-legislative body. Petitions seeking review of FTC decisions normally name the agency as respondent. This is because the agency maintains an interest in its decisions, which represents part of its function to administer certain laws and formulate policy, and which accordingly makes the Commission a proper respondent to a petition for review. The NRAB has neither legislative nor prosecutorial functions—it sits merely as an adjudicative body, and does not administer laws or formulate policy. Rather it resolves disputes between carriers and their employees arising under the Railway Labor Act.

284 F.Supp. at 610–11. There is no significant distinction between the functions of the NRAB and the special boards of adjustment. Both operate as adjudicative arbitral bodies. "[T]he integrity of the arbitral process is best preserved by recognizing the arbitrators as independent decision-makers who have no obligation to defend themselves in a reviewing court." *Fong v. American Airlines, Inc.*, 431 F.Supp. at 1343–44.

The importance of an arbitrator's immunity from suit was emphasized by the Seventh Circuit in *Tamari v. Conrad*, 552 F.2d 778 (7th Cir. 1977). "[I]ndividuals . . . cannot be expected to volunteer to arbitrate disputes if they can be caught up in the struggle between the litigants and saddled with the burdens of defending a lawsuit." Id. at 781. The Board and Referee Gilden have no interest in the outcome of the dispute between Merchants Despatch and Systems Federation. The Board has made and submitted its decision in this case. The controversy is between the company and the union. We therefore hold that defendants Special Board of Adjustment Number 570 and Referee Harold M. Gilden are dismissed as parties from this action.