Guy A. **HUNT**, Plaintiff-Appellant,

v.

**NORTHWEST AIRLINES, INC.,**
Defendant-Appellee.

No. 79–1157.

United States Court of Appeals,
Eighth Circuit.

Submitted June 15, 1979.

Decided June 18, 1979.

---

Thomas F. Miller, Minneapolis, Minn., on brief, for plaintiff-appellant.

David A. Ranheim and Jay L. Bennett, of Dorsey, Windhorst, Hannaford, Whitney & Halladay, Minneapolis, Minn., on brief, for defendant-appellee.

Before HEANEY, BRIGHT and STE-PHENSON, Circuit Judges.

PER CURIAM.

Plaintiff Guy A. Hunt initiated this lawsuit to obtain judicial review of the System Board of Adjustment's decision upholding the termination of his employment. The district court[1] granted defendant Northwest Airlines, Inc.'s (NWA) motion for summary judgment and dismissed the complaint with prejudice. Hunt appeals and urges this court to broaden the scope of review of arbitration decisions under 45 U.S.C. § 184.[2] Because Hunt's claims are not within the well-established, limited scope of review afforded system board decisions under 45 U.S.C. § 184 and because we decline to broaden the scope of review, we affirm the grant of summary judgment in favor of NWA.

On March 16, 1976, NWA management in Minneapolis received information that Pilot Hunt had obtained a prescription for the drug Percodan on the previous day. Percodan's usage is regulated, and a pilot is prohibited from taking the drug within twenty-four hours of flying. Because NWA management believed that Hunt might have violated this regulation, they called him in Milwaukee where he was on a layover. Hunt reacted angrily and hung up the phone when his supervisors ordered him to report for a medical examination which would determine whether or not he had violated the regulation. Hunt then contacted two attorneys, who advised him to submit to the exam; in the meantime NWA left a message at the front desk grounding him. Hunt did not call his supervisors and indicate that he would take the exam. Instead he called crew control in Minneapolis and asked to be placed on the sick list.

NWA terminated Hunt's employment for failure to cooperate and for falsifying a claim for sick leave. Hunt initiated and completed the grievance procedures established in the collective bargaining agreement between NWA and his union. Through these procedures the issue of his discharge was submitted to the System Board of Adjustment, the establishment of which is mandated by 45 U.S.C. § 184. On August 9, 1976, after a hearing on the merits involving extensive testimony, the System Board denied Hunt's claim and upheld the employment termination. Hunt's collective bargaining agreement provided in Section 21(J) that the System Board's decision "shall be final, binding and conclusive."

On August 8, 1978, Hunt instituted this suit and urged the court to review the

1. The Honorable Miles W. Lord, United States District Judge for the District of Minnesota.

2. Section 184 is one of the 1936 Air Carrier Amendments, 45 U.S.C. §§ 181–188, to the Railway Labor Act, 45 U.S.C. § 151 *et seq.*

Section 184 provides for the establishment of system, group or regional boards of adjustment which hear and decide disputes between airlines and their employees.

validity of his discharge and the denial of his grievance by the System Board. Two of Hunt's claims related to the merits of the System Board's award. First, he claimed that his discharge was motivated by the personal hostility of his supervisors, and, secondly, he claimed that his discharge was without just cause. In addition, Hunt contended that he was deprived of his due process right to counsel when he was directed to appear for a medical exam. NWA moved for summary judgment and at the oral argument on this motion contended that the undisputed facts failed to raise issues within the narrow scope of review accorded arbitration awards. The district court granted summary judgment without opinion.

Hunt concedes on appeal that courts have not assumed jurisdiction to review the substantive correctness of board of adjustment awards under section 184 and that courts have considered due process claims such as his to be merged in the decision of the board of adjustment. Nevertheless, he argues that the legislative history of the Air Carrier Amendments, 45 U.S.C. §§ 181–188, supports his contention that board of adjustment decisions under section 184 should have a broader scope of judicial review than that allowed under similar statutory provisions governing the National Railway Adjustment Board (NRAB) decisions under section 153.

The 1936 Air Carrier Amendments extended all the provisions of the Railway Labor Act, 45 U.S.C. § 151 et seq., to the airlines except 45 U.S.C. § 153. Section 153 provides for the establishment and powers of both the NRAB and the railroad system, group or regional voluntary agreement boards. The analogous provision for the airline industry is section 184, which requires the establishment of system, group or regional boards of adjustment until a permanent Air Transportation Adjustment Board is created. The National Mediation Board was given the discretion of determining when the creation of the National Air Transportation Adjustment Board was necessary, 45 U.S.C. § 185, but to date this National Board has not been established.

The System Board of Adjustment, which upheld Hunt's discharge, was established in compliance with the provisions of section 184.

■ Hunt's interpretation of the history of the 1936 amendment is that Congress intended the establishment of the National Air Board to closely follow the passage of this 1936 amendment. Since this organization of nationwide jurisdiction has not been created for the airlines as it was for the railways, Hunt argues that to avoid frustrating the congressional intent the courts should broaden the scope of judicial review of section 184 since they are the only other established tribunal of nationwide jurisdiction.

We do not believe that the legislative history mandates a different scope of review for section 184 than that allowed under section 153. The Supreme Court in *International Ass'n of Machinists v. Central Airlines, Inc.,* 372 U.S. 682, 695, 83 S.Ct. 956, 964, 10 L.Ed.2d 67 (1963), *quoting from Washington Terminal Co. v. Boswell,* 75 U.S.App.D.C. 1, 10, 124 F.2d 235, 244 (1941), determined that legislative history revealed the congressional intent that airline system board awards would " 'have legal effect, not merely that of private advice.' " The Court stated that in passing the 1936 amendments Congress intended to extend to the airline industry the same benefits and obligations applicable to the railroad industry. *Id.* at 685, 83 S.Ct. 956. Therefore, congressional intent requires identical court treatment of airline board decisions under section 184 and railroad board decisions under section 153, and this has been the continuing policy of the courts. *Rossi v. Trans World Airlines,* 350 F.Supp. 1263, 1269 (C.D.Cal.1972), *aff'd,* 507 F.2d 404 (2d Cir. 1974); *see Eastern Air Lines, Inc. v. Transport Workers Union Local 553,* 580 F.2d 169 (5th Cir. 1978); *Giordano v. Modern Air Transport,* 504 F.2d 882 (5th Cir. 1974); *Rosen v. Eastern Air Lines, Inc.,* 400 F.2d 462 (5th Cir. 1968), *cert. denied,* 394 U.S. 959, 89 S.Ct. 1307, 22 L.Ed.2d 560 (1969); *Northwest Airlines, Inc. v. Air Line Pilots Ass'n, Int'l,* 373

F.2d 136 (8th Cir.), *cert. denied,* 389 U.S. 327, 88 S.Ct. 77, 19 L.Ed.2d 83 (1967). This is a sound policy because "[t]he main function of arbitration and of System Adjustment Boards is to serve as a 'substitute for and not a prelude to litigation.'" *Rossi v. Trans World Airlines, supra,* 350 F.Supp. at 1273, *quoting from Farris v. Alaska Airlines, Inc.,* 113 F.Supp. 907, 908 (N.D.Wash. 1953).

Hunt also argues that a judicial trend is emerging which supports a broader scope of judicial review. His "trend" is based upon two cases, *Merchants Despatch Transp. Corp. v. Systems Fed'n No. 1 Ry. Employees Dep't,* 551 F.2d 144 (7th Cir. 1977), and *Employees Protective Ass'n v. Norfolk & W. Ry.,* 511 F.2d 1040 (4th Cir. 1975). Neither case supports a change toward a broader judicial review of airline board decisions under section 184. *Merchants Despatch* merely determines that under 28 U.S.C. §§ 1331 and 1337 the federal courts have jurisdiction to apply the same limited review to the decisions of the special board of adjustment established under 45 U.S.C. § 153 Second as is applied to the decisions of the NRAB under section 153 First and the airline boards under section 184. *Employees Protective Ass'n* reached the same conclusion as *Merchants Despatch* except the court based its decision approving jurisdiction solely on 28 U.S.C. § 1337. Therefore, we apply the traditional, narrow scope of review applied to awards under section 184 in determining whether any of Hunt's claims should be reviewed by the court system.

Hunt claims that his discharge was motivated by the personal hostility of his supervisors and was without just cause. However, when an airline adjustment board has determined that a discharge was justified, the case has been determined on its merits and the board's decision is final and binding on the courts. *Rosen v. Eastern Air Lines, Inc., supra,* 400 F.2d at 463; *Rossi v. Trans World Airlines, supra,* 350 F.Supp. at 1272. Independent review of these claims in a federal court is not appropriate when the same claims were submitted to the system board for a full hearing on the merits.

Hunt further claims that he was denied due process by his employer, NWA. This claim is merged with the decision of the system board because courts have jurisdiction to review board awards only where there has been a denial of due process "*by some conduct of the * * * Board.*" *Edwards v. St. Louis-San Francisco R.R.,* 361 F.2d 946, 953 (7th Cir. 1966); *see Giordano v. Modern Air Transport, supra,* 504 F.2d 882; *McDonald v. Penn Central Transp. Co.,* 337 F.Supp. 803 (D.Mass.1972). Hunt's due process allegation is directed toward his employer, not toward any conduct of the system board; therefore, judicial review is foreclosed.

Because Hunt has failed to assert any claims within the narrow scope of review applied to system board decisions under 45 U.S.C. § 184, we affirm the district court's grant of summary judgment.

Affirmed.