CALLAHAN, Circuit Judge,
concurring and dissenting:
I would affirm the district court’s order in its entirety. A decision by the Hawaiian Airlines System Board of Adjustment (the “Board”) is entitled to considerable deference, see Rossi v. Trans World Airlines, Inc., 507 F.2d 404, 405 (9th Cir.1974), including any plausible interpretation of the underlying collective bargaining agreement (“CBA”). See Sprewell v. Golden State Warriors, 266 F.3d 979, 986 (9th Cir.2001). However, an award may be unenforceable when the arbitrator “strays from interpretation and application of the agreement and effectively ‘dispensed] his own brand of industrial justice.’ ” Major League Baseball Players Ass’n v. Garvey, 532 U.S. 504, 509, 121 S.Ct. 1724, 149 L.Ed.2d 740 (2001) (quoting United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960)). Moreover, an arbitrator is bound to abide by the plain language of a collective bargaining agreement that limits his authority. United Paperworkers Int’l Union v. Misco, Inc., 484 U.S. 29, 38, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987); Hawaii Teamsters and Allied Workers Union, Local 996 v. United Parcel Service, 241 F.3d 1177, 1181 (9th Cir.2001) (holding that an award does not draw its essence from the CBA when the arbitrator ignores the plain language of the agreement).
*708 In this matter, the CBA grants the Board authority to interpret the CBA. (“The Board shall have jurisdiction over disputes ... growing ... out of interpretation or application of any of the terms of the [CBA].”). However, the CBA explicitly states that “[b]efore a pilot is ... discharged, such pilot shall be notified in writing ... of the precise charge or charges against him or her.” On appeal, the Board may not consider a “matter” that has not yet been handled in accordance with the previous disciplinary procedure, i.e. a statement of charges and hearing.
Here the Board interpreted “matter” broadly to allow it to consider charges that had not been included in the Statement of Charges (“SOC”) filed against Konop. A review of the applicable portions of the CBA indicates that the Board’s interpretation of “matter” to mean anything besides specific instances of misconduct charged in the SOC is contrary to the clear purpose and intent of the parties as set forth in the CBA. Thus, the Board’s interpretation failed to “draw its essence” from the CBA. When read in conjunction with Section 16, which requires that the precise charge or charges be set forth in the SOC, the only “plausible” reading of the CBA requires that the Board rely only on factual instances of misconduct set forth in the SOC. Konop was entitled to rely on the SOC to determine what actions he had to defend.
The scheme set forth in the CBA is disrupted when Hawaiian Airlines (“HAL”) is allowed to advance new charges before the Board because this deprives an employee of fair standards of notice and renders him unprepared to defend new allegations not set forth in the SOC.[1] Indeed, Konop’s attorney made this objection at the hearing. Moreover, the materials before this court suggest that neither HAL nor at least one of the three arbitrators were concerned with fairness.[2] I would affirm the district court’s determination that the Board exceeded its jurisdiction when it based its decision on charges that had not been set forth in the SOC.

. This is particularly true in this case because the charges against Konop arose out of his participation in HAL's bankruptcy proceedings, not from his performance of his duties as a pilot. Furthermore, Konop’s right to participate in HAL’s bankruptcy proceedings had been established in prior litigation between the parties. Konop v. Hawaiian Airlines, Inc., 302 F.3d 868, 883 (9th Cir.2002). Although the case was cited to the Board, it is not mentioned in the Board’s award.

. After the district court issued its decision in this case one of HAL’s attorneys sent an ex parte letter to the arbitrators asking them to "clarify” their award to avoid the impact of the district court's opinion. One of the arbitrators responded with such a clarification. The district court subsequently found that this attempted clarification was outside the Board’s jurisdiction.